14-924
Chia v. Lynch

BIA
Hom, IJ
A073 033 461

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand fifteen.

PRESENT:
       ROBERT A. KATZMANN,
          *Chief Judge*,
       PETER W. HALL,
       SUSAN L. CARNEY,
          *Circuit Judges*.

_____

SOUSAM CHIA,
      *Petitioner*,

      v.                  14-924
                          NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      Edward J. Cuccia, Ferro & Cuccia, New York, N.Y.

FOR RESPONDENT:      Joyce R. Branda, Acting Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Joanna L.

Watson, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Sousam Chia, a native and citizen of the People's Republic of China, seeks review of a March 5, 2014, decision of the BIA, affirming the September 16, 2011, decision of an Immigration Judge ("IJ"), denying his motion to reopen. *In re Sousam Chia*, No. A073 033 461 (B.I.A. Mar. 5, 2014), *aff'g* No. A073 033 461 (Immig. Ct. N.Y. City Sept. 16, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006).

2

It is undisputed that Chia's motion to reopen, filed almost 13 years after his final deportation order, was untimely. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (providing 90-day filing deadline); 8 C.F.R. § 1003.23(b)(1) (same). Chia argues that the untimeliness of his motion to reopen should be excused, because his deportation order was barred by res judicata. But a motion to reopen based on purported res judicata does not fall within any of the statutory or regulatory exceptions to the timeliness requirements for motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3); *see also Matter of Yauri*, 15 I. & N. Dec. 103, 105 (BIA 2009) (emphasizing "that untimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen"). Accordingly, the BIA and IJ did not err by concluding that Chia's motion to reopen was barred as untimely.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3